UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| OSCAR GONZALES JR., § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-58 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**ORDER ADOPTING, AS MODIFIED,**
**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Respondent William Stephens's ("Stephens") Motion for Summary Judgment (D.E. 28), requesting that the Court deny Petitioner Oscar Gonzales, Jr.'s ("Gonzales") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2254 (D.E. 1). On January 22, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 32), recommending that Stephens's motion be granted and that Gonzales's petition for habeas corpus relief be denied. This Court received Gonzales's timely-filed objections on February 24, 2015 (D.E. 36), and Stephens's timely-filed objections on February 25, 2015 (D.E. 37). The objections are set out and discussed below.

**Ineffective Assistance of Trial Counsel**

    **1. Failure to Call Expert Witness**

Stephens objects to the Magistrate Judge's conclusion that the state habeas court made an unreasonable determination of fact regarding Gonzales's claim that his trial counsel was ineffective because he failed to inform Gonzales that an expert witness

1 / 12

would not be called to testify at trial. Gonzales claims that his trial counsel, Anthony Cantrell (Cantrell), told him that he was going to hire an expert witness who would testify that Gonzales did not sexually assault the two girls, GA and BH. D.E. 4, pp. 36-37. This assertion is corroborated by Cantrell's letter to Gonzales dated September 13, 2007, stating that he "had a doctor as an expert witness" ready to testify. D.E. 21-18, p. 80. Gonzales contends that although he paid Cantrell an additional $10,000.00, Cantrell did not hire an expert and did not inform Gonzales about the change of plans. D.E. 15-5, p. 2. As a result, Gonzales did not consider accepting a plea bargain offer because he thought he was going to trial with a strong defense, having an expert to testify that he did not commit the crimes. *Id*. at 3. Cantrell stated, "Mr. Gonzales and I agreed that additional counsel would be more beneficial than an expert witness due to the nature of his case." D.E. 21-15, p. 68.

The state habeas court found that Cantrell and Gonzales made a mutual strategic decision not to call an expert witness at trial. D.E. 21-15, pp. 15-16. In concluding that the state court's finding was an unreasonable determination of the facts in light of the evidence, the Magistrate Judge stated, "[n]otwithstanding Cantrell's statement to the contrary, the evidence shows that Cantrell did not make the decision to not call the [expert] until trial had begun, but continued to represent to Gonzales, the court, and opposing counsel that he intended to call a doctor to testify long after opposing counsel was hired." D.E. 32, p. 31.

Stephens argues that the state court is entitled to regard Cantrell's statement as credible, and it was not unreasonable for the state court to rely on it. D.E. 37, p. 4. Also,

it would be reasonable for the state court to believe that Cantrell altered his trial strategy and simply allowed the prosecution to think that he had an expert witness as a matter of trial strategy. *Id*. at 5. Thus, the Magistrate Judge failed to give proper deference to the state court. *Id*. at 2.

The evidence raises questions about what transpired regarding the expert witness. Nevertheless, a state court's factual findings are presumed to be correct. 28 U.S.C. § 2254 (e)(1). Giving the proper deference to the state habeas court's findings as required, this Court holds that the state court's determination that Cantrell and Gonzales made a mutual strategic decision not to call an expert at trial was not unreasonable. As a result, Stephens's first objection is **SUSTAINED.**

The Magistrate Judge found that in regard to this ineffective assistance of counsel claim based on the failure to call the expert witness, Gonzales failed to show prejudice as required by *Strickland*[1] because he did not demonstrate that there was a reasonable probability that he would have accepted the plea offer if he had known that an expert would not testify. D.E. 32, pp. 32-33. Both parties object to the Magistrate Judge's analysis.

Gonzales objects to the finding of no prejudice and attempts to distinguish the cases cited in the M&R—*Arnold v. Thaler*, 484 F. App'x 978, 982 (5th 2013); *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012); and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). D.E. 36, pp. 4-7. The Magistrate Judge found that Gonzales's statement that he "would have at the very least considered a plea bargain" had he known an expert was not going

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

to testify did not create a probability sufficient to undermine confidence in the outcome of the case. D.E. 32, p. 33. The Magistrate Judge stated that Gonzales's statement fell short of the unequivocal declaration in *Arnold* that the Petitioner would have definitely taken the plea offer. *Id.*

Gonzales contends that the cases relied on by the Magistrate Judge are inapplicable because his case "does not deal with whether a plea offer was conveyed in a timely manner by defense counsel," "was not a situation where counsel was mistaken in his belief that the state could not prove intent and convinced the client of this," and "there were no definite plea offers in the record to determine what was rejected or not". D.E. 36, pp. 5-7. Gonzales claims that his counsel lied to him regarding an expert witness at trial and this caused him "to not consider any plea deals . . . and to forego the critical plea bargaining phase of his case." *Id*. at 5. He further claims that there was no indication whether the 40 year plea was rejected, no longer on the table, or still available. *Id.* at 6. He alleges that without a solid plea bargain offer, it is difficult to apply the standard in *Lafler* and *Frye*, and require Gonzales to affirmatively state that he would have accepted a particular plea bargain offer. *Id.* at 9.

The state habeas court made no finding regarding prejudice to which this Court must defer. D.E. 21-15, pp. 15-16. The Court finds no error in the Magistrate Judge's conclusion that Gonzales failed to show prejudice. Consequently, Gonzales's objection is **OVERRULED**.

Stephens objects because the Magistrate Judge did not address whether Cantrell's actions were deficient under the first prong of the ineffective assistance of counsel

analysis. D.E. 37, p. 6. Because this Court has found that Cantrell's actions did not result in prejudice, it is not necessary for the Court to determine whether Cantrell's conduct met the objective standard of reasonableness. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). Consequently, Stephens's objection is **OVERRULED.**

Gonzales's request for an evidentiary hearing to clarify the statement in his affidavit that he "would have at the very least considered a plea bargain" (D.E. 15-5, p. 3) is **DENIED**. D.E. 36, p. 6 n.3. His reliance on *United States v. Rivas-Lopez*, 678 F.3d 353 (5th Cir. 2012) is unavailing because that case involved a § 2255 habeas as opposed to a § 2254 habeas in which evidentiary hearings are significantly more difficult to attain. Section 2254(e)(2) of Title 28 of the United States Code provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A)    the claim relies on—
>
>     (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Gonzales failed to meet the requirements set forth in § 2254 (e)(2)(A) for an evidentiary hearing.

### 2. Failure to Object to SANE's Testimony

Gonzales re-urges his contention that Cantrell's failure to object to the sexual assault nurse examiner's ("SANE") testimony regarding GA's truthfulness constituted ineffective assistance of counsel. D.E. 36, pp. 9-12. The state habeas court ruled that the testimony in question did not constitute impermissible bolstering as asserted by Gonzales (D.E. 21-15, p. 19) and, based on Texas case law, the Magistrate Judge agreed. D.E. 32, p. 36.

Gonzales's reliance on the Fifth Circuit's decision in *United States v. Price* is inapplicable because, unlike here, the witness's statements in that case were "tantamount to expression[s] of his general belief as to how the case should be decided . . . ." 722 F.2d 88, 90 (5th Cir. 1983) (internal quotation marks and citation omitted). Here, the Magistrate Judge explained, "the nurse did not offer an opinion about whether GA was sexually assaulted, but merely recounted what happened during the examination." D.E. 32, p. 36. The nurse testified at trial that it was not her job to determine "who did what" because "[she] is not an investigator" and that it was not her job to convince the jury but to merely "state what [she] saw" during her examination of GA. D.E. 20-7. pp. 40, 46.

Counsel cannot be faulted for failing to make an objection that would have been properly overruled if made. This Court finds no error in the Magistrate Judge's

conclusion that Gonzales's arguments are without merit in this regard. Gonzales's objection is **OVERRULED**.

### 3. Failure to Contact Witnesses

Petitioner objects to the Magistrate Judge's conclusion that trial counsel "interviewed all potential witnesses." D.E. 36, p. 12. In fact, the Magistrate Judge stated the following:

> In Cantrell's affidavit he stated that he contacted all potential witnesses named by Gonzales, as well as Aaron Terry and GA's grandfather. . . . The state habeas court found both attorneys' affidavits to be credible and determined that there was no evidence that Petitioner told the attorneys about any witnesses other than Terry and GA's grandfather. Nothing in the record contradicts this finding.

D.E. 32, pp. 36-37.

Gonzales specifically objects to the statement by the Magistrate Judge that any testimony Gonzales's mother, Mary Gauna, would have offered "regarding what GA's mother told her would have been subject to cross-examination as well as rebuttal by GA's mother." D.E. 36, p. 13. The state habeas court found that there was no evidence that Gonzales informed trial counsel of his mother's knowledge pertaining to GA's mother at any time prior to or during the trial. D.E. 21-15, p. 18.

This Court finds that the state habeas court did not make an unreasonable determination of facts in light of the evidence presented regarding Gonzales's claim that trial counsel was ineffective for failing to contact witnesses. Thus, this Court finds no error in the Magistrate Judge's analysis. Gonzales's objection is **OVERRULED**.

**Creation of Hostile and Unfair Environment by Trial Court**

Gonzales objects to the Magistrate Judge's recommendation and findings pertaining to his claim that the trial judge created a hostile and unfair environment. Gonzales argues that the Magistrate Judge "failed to take into account trial counsel's affidavits explaining how the demeanor from the bench . . . affected their representation of Petitioner's defense." D.E. 36, p. 1. Gonzales contends that the affidavits make it clear that the environment created by the trial judge impacted the defense. *Id.* at 2. As the Magistrate Judge discussed, the question is whether the trial judge's comments demonstrated "generalized impertinence," rather than "a deep-seated favoritism or antagonism that would make fair judgment impossible." D.E. 32, pp. 12, 19 (quoting *Liteky v. United* States, 510 U.S. 540, 555-56 (1994), and *Buntion v. Quarterman*, 524 F.3d 664, 673 (5th Cir. 2008)). Because the Court agrees that the evidence does not show that the trial court was biased or prejudiced, Gonzales's argument is unpersuasive and his objection is **OVERRULED.**

**Confrontation Clause and the Right to Present a Complete Defense**

Gonzales re-urges his arguments regarding the Confrontation Clause and his right to present a complete defense. Gonzales claims that his constitutional claims were violated because the trial court improperly excluded evidence. D.E. 36, pp. 2-4.

Gonzales sought to introduce evidence through Aaron Terry (Terry) to impeach BH's mother. Terry was going to testify that the mother, who was a teacher, sexually

assaulted him when he was a minor.  The trial court excluded this testimony as being inadmissible under Texas Rule of Evidence 608(b).[2]  D.E. 20-12, p. 81-83.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him.  The trial court retains wide latitude in imposing limits on cross-examination.  In *Delaware v. Van Arsdall*, the Supreme Court explained:

> It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness.  On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant.

475 U.S. 673, 678 (1986). The Supreme Court "has never held that the Confrontation Clause entitles a criminal defendant to introduce *extrinsic evidence* for impeachment purposes."  *Nevada v. Jackson*, 133 S. Ct. 1990, 1994 (2013) (emphasis in original); *see Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) ("[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.") (emphasis in original).

The Terry testimony was extrinsic evidence clearly violative of Rule 608(b).  It sought to damage BH's mother's credibility with extraneous matters having no proximity in time or relation to the events at issue.  This court finds no error in the Magistrate

---

[2]  "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." Tex. R. Evid. 608(b).

Judge's conclusion that Gonzales failed to show that his rights under the Confrontation Clause were violated. The Court **OVERRULES** Gonzales's objection as to Terry's testimony.

Gonzales next complains that the trial court did not allow him to cross-examine GA's mother about GA's grandfather's involvement with Child Protective Services (CPS). D.E. 36, p. 2-4. Gonzales's theory of defense was that GA accused him of sexual assault because, based on her prior experience with her grandfather's CPS involvement, the allegation would succeed in removing him from the household. D.E 4, p. 11-12. However, GA testified that she knew the likely effect of her allegations. D.E. 20-4, pp. 78-79. Consequently, the proposed cross-examination of GA's mother would have been cumulative of GA's testimony. Thus, even assuming that there was a Confrontation Clause violation, Gonzales's claim fails because any error is harmless. *Van Arsdall*, 475 U.S. at 684 (holding that Confrontation Clause violations are subject to a harmless-error analysis). Therefore, Gonzales's objection is **OVERRULED**.

**Ineffective Assistance of Appellate Counsel**

Gonzales generally objects to the Magistrate Judge's conclusion that appellant counsel was not ineffective. Gonzales claims that his appellate attorney failed to sufficiently brief four appellate issues. D.E. 36, p. 14. The Magistrate Judge concluded that Gonzales failed to show that these issues would have been decided differently had they been properly briefed on appeal. D.E. 32, p. 40; *see United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 1999) ("Where an attorney failed to adequately brief an issue on direct appeal, appellant must show initially that the appeal would have had, with

reasonable probability, a different outcome if the attorney adequately addressed the issue."). The Court finds no error in the Magistrate Judge's analysis. Consequently, Gonzales's objection is **OVERRULED**.

**Certificate of Appealability**

Gonzales objects to the Magistrate Judge's recommendation that a Certificate of Appealability ("COA") be denied. D.E. 36, p. 14-15. The Magistrate Judge recommended that Gonzales's claims be denied on the merits, and found that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. D.E. 32, p. 44. Petitioner has not shown that jurists of reason could disagree with the Court's resolution of his constitutional claims or that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Gonzales's objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Gonzales's and Stephens's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **SUSTAINS** Stephens's first objection and **OVERRULES** his second objection, **OVERRULES** Gonzales's objections, **DENIES** Gonzales's request for an evidentiary hearing, and, as modified, **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 32). Accordingly, Respondent's

Motion for Summary Judgment (D.E. 28) is **GRANTED** and this action is **DISMISSED.**

In the event that Gonzales seeks a Certificate of Appealability, the request is **DENIED.**

    **ORDERED this 30th day of March, 2015.**

                                              _____
                                              **NELVA GONZALES RAMOS**
                                              **UNITED STATES DISTRICT JUDGE**